UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiff, <br> v. <br><br> REAL PROPERTY LOCATED AT 8647 NINTH STREET, SAN JOAQUIN, FRESNO COUNTY, CALIFORNIA, APN:033-091-24, including all appurtenances and improvements thereto, <br><br> Defendant. | 1:05-CV-00733-AWI-SMS <br><br> ORDER **VACATING HEARING** ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 17) <br> **VACATED HEARING DATE: March 24, 2006** <br><br> ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING NO LATER THAN APRIL 21, 2006 <br><br> ORDER DEEMING MATTER SUBMITTED UPON FILING OF SUPPLEMENTAL BRIEFING |

    Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303. Pending before the Court is Plaintiff's ex parte motion for default judgment. No opposition to Plaintiff's motion has been filed.

    I. The Hearing on the Motion is Vacated

    Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of

1 California, the Court finds that Plaintiff's motion default
2 judgment is a matter that may appropriately be submitted upon the
3 record and briefs without oral argument.
4      Accordingly, the hearing on the motion, presently set for
5 March 24, 2006, IS VACATED.
6      II. <u>Supplemental Briefing</u>
7      An application for a default judgment qualifies as a motion
8 pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and
9 it should include briefs pursuant to Local Rule 78-230(b). Thus,
10 when seeking a default judgment, a plaintiff should provide the
11 Court with points and authorities containing citations to
12 authority required in order for the Magistrate Judge to make
13 complete findings and recommendations. It is the party's burden
14 to demonstrate to the Court that under the pertinent law, the
15 Plaintiff's claims, as alleged, are legally sufficient and that
16 the Plaintiff is entitled to the relief sought.
17      The Court has previously directed the filing of a
18 supplemental brief containing points and authorities
19 and accompanying analysis showing the legal sufficiency of the
20 claim or claims as stated in the complaint, the Plaintiff's
21 entitlement to the relief requested, and the legal sufficiency of
22 Plaintiff's attempts to serve property owners or persons with a
23 known potential interest in the property under the applicable law
24 governing notice or service. The supplemental brief filed by the
25 government on February 16, 2006, did not remedy the defects in
26 the initial briefing.
27      In the present case, the government has attempted to provide
28 personal notice to Leticia Espino Mandujano, and to Jose Luis

Mandujano, the recorded owner of the Defendant real property. However, the government has not provided any case authority in support of its assertion that its efforts in this regard were sufficient to satisfy the requirements of the statute, the rules, or the Constitution. Plaintiff should provide case authority or other authority defining the standard for diligence and applying the law in a manner indicating that efforts analogous to those undertaken by the government in this case are sufficient.

 Further, Plaintiff has not briefed the legal sufficiency of the complaint to state a claim of violating § 1341 and thus entitle Plaintiff to forfeiture. Plaintiff has provided a citation to a jury instruction. Plaintiff IS INFORMED that the Court requires authority, consisting of pertinent statutory standards and sufficient case law, to establish the elements of the offense, and analysis supported by analogous authority sufficient to establish that the facts alleged satisfy those elements. A reference to an advisory source, such as a jury instruction, is insufficient. Further, a mere recitation of the facts alleged in the complaint does not demonstrate analysis of the adequacy of the facts alleged in light of the governing law.

 Plaintiff asserts that the government must establish the requisite nexus between the substantive offense of mail/wire fraud, and the asset that it seeks to forfeit. Plaintiff must submit statutory and/or case authority defining, specifying, or otherwise elucidating the type of nexus required to be shown in order to establish the requisite status of the Defendant property as proceeds or property traceable to proceeds within the meaning of the pertinent statute(s); Plaintiff must provide analysis,

3

supported by analogous authority, demonstrating that the facts alleged in this case that connect the real property to the statutory violations suffice to establish that the real property constitutes proceeds or is traceable to proceeds.

Plaintiff IS DIRECTED to file a second supplemental brief addressing the matters specified by the Court no later than April 21, 2006.

III. Submission of the Motion

Absent further order of the Court, upon the filing of the Plaintiff's second supplemental brief, the Plaintiff's motion for default judgment WILL BE DEEMED SUBMITTED to the Court for consideration and preparation of findings and recommendations by the Magistrate Judge and for decision by the District Judge after an appropriate time for the filing of objections and any reply thereto has passed.

IT IS SO ORDERED.

**Dated:   March 22, 2006**                             **/s/ Sandra M. Snyder**
icido3                                           UNITED STATES MAGISTRATE JUDGE

4